IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IVAN ANZURES, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | EP-11-CV-395-KC |
| | § | |
| PROLOGIS TEXAS I LLC, PROLOGIS | § | |
| TEXAS II LLC, PROLOGIS NA2 | § | |
| TEXAS LLC, PROLOGIS | § | |
| MANAGEMENT INCORPORATED and | § | |
| ELIZABETH RODRIGUEZ, | § | |
| | § | |
|    Defendants. | § | |

### ORDER

On this day, the Court considered Plaintiff's "Motion for Leave to File Plaintiff's Second Amended Complaint" ("Motion"), ECF No. 41, and "Defendant's Traditional and No-Evidence Motion for Summary Judgment" ("Motion for Summary Judgment"), ECF No. 62.  For the reasons set forth herein, the Court **GRANTS** in part and **DENIES** in part the Motion.  The Court **DENIES** the Motion for Summary Judgment as moot.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was an employee of Empire Roofing, Ltd. ("Empire Roofing").  Pl.'s Original Petition ("Complaint") 2-3, ECF No. 1.[1]  In May of 2010, Plaintiff was measuring the roof of a

---

[1]    The Court relies on Plaintiff's Original Petition (the "Complaint") rather than on Plaintiff's First Amended Petition because Plaintiff did not file their First Amended Petition properly under the Federal Rules of Civil Procedure.  *See* Pl.'s First Am. Pet. ("First Amended Petition"), ECF No. 19; *see also* Defs.' Resp. in Opp'n to Pl.'s Mot. for Leave to File Pl.'s Second Am. Compl. ("Response") 1 n.1, ECF No. 55 (arguing Plaintiff's First Amended Petition is of no legal effect).  Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of

1

building.  Compl. 2-3.  While on the roof, Plaintiff sustained injuries when he fell twenty-five feet to the ground through an uncovered skylight.  Compl. 3.

Plaintiff commenced this action on August 24, 2011, in County Court at Law No. 6 of El Paso County, Texas.  *See* Compl.  Plaintiff's Complaint alleged state law negligence and premises liability claims.  Compl. 3-4.  Plaintiff also claimed that Prologis Texas I LLC, Prologis Texas II LLC, Prologis NA2 Texas LLC, and Prologis Management Inc. ("PMI") owned the premises on which he was injured, and that Elizabeth Rodriguez ("Rodriguez") managed the premises.[2]  Compl. 3-4.  Consequently, the Complaint named Prologis Texas I LLC, Prologis Texas II LLC, Prologis NA2 Texas LLC, PMI, and Rodriguez as defendants.  *See* Compl.

Those Defendants removed the lawsuit to this Court on September 28, 2011, based on diversity jurisdiction.  Notice of Removal Under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a)(1) (Diversity of Citizenship) ("Notice of Removal"), ECF No. 1.  On October 27, 2011, Plaintiff

---

course within twenty-one days of service or within twenty-one days of a responsive pleading or motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1); *see* Fed. R. Civ. P. 81(c)(1) (applying Federal Rules of Civil Procedure from the date of removal).  Defendants did not file any pleadings or Rule 12 motions after removal, so Rule 15(a)(1) does not apply.  *See Ferris Plaza, Ltd. v. Peerless Indem. Ins. Co.*, No. 3:10-CV-633-L, 2010 WL 2540826, at *2 (N.D. Tex. June 22, 2010).  However, the Court notes that Plaintiff filed their First Amended Petition nearly 161 days after Defendants removed the case, and thirty-five days after the Court entered its Order denying Plaintiff's motion to remand, so it is likely Plaintiffs would not have been able to amend under Rule 15(a)(1) regardless.  *Compare* Notice of Removal (filed on September 28, 2011), *and* Order, ECF No. 17 (filed February 1, 2012), *with* First Am. Pet. (filed on March 7, 2012); *see Ferris Plaza*, 2010 WL 2540826, at *2 n.1.

Instead, Rule 15(a)(2) governs this case.  Under Rule 15(a)(2), Plaintiff must receive leave of court or the written consent of opposing parties in order to amend a pleading.  Fed. R. Civ. P. 15(a)(2).  Plaintiff failed to obtain leave of the Court or the written consent of opposing parties.  When a party is required to obtain leave to amend but fails to do so, the amended complaint has no legal effect.  *United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003).  Accordingly, the Court only considers Plaintiff's original Complaint in reciting the facts of the case.

[2]   Plaintiff's Proposed Second Amended Complaint differs from the original Complaint in that it alleges that Prologis and Southern Roof owned and operated  the job site.  *Compare* Compl. 2-5, *with* Mot. Ex. A ("Proposed Amended Complaint") 2, ECF No. 41-1.

filed a motion requesting that the Court remand this action to state court for lack of subject matter jurisdiction because Rodriguez was a non-diverse defendant.  Pl.'s Mot. to Remand, ECF No. 5.  The Court denied this motion on January 31, 2012, and dismissed Rodriguez from the case after concluding she had been improperly joined.   Order ("Remand Order") 14, ECF No. 17 (signed on January 31, 2012, and docketed on February 1, 2012).

The Court entered a Scheduling Order on December 8, 2011.  Scheduling Order, ECF No. 9.  The Scheduling Order set the deadline for Plaintiff to join parties and amend his pleadings for March 9, 2012. *Id.*

On April 6, 2012, Defendants filed a motion requesting leave of the Court to designate Empire Roofing as a responsible third party under section 33.004 of the Texas Civil Practice and Remedies Code.[3]   *See* Defs.' Mot. for Leave to Designate Empire Roofing, Ltd., as a Responsible Third Party ("RTP Motion"), ECF No. 34.  Plaintiff did not oppose this Motion, and the Court added Empire Roofing as a responsible third party on April 23, 2012.  Supplement to Defs.' Mot. for Leave to Designate Empire Roofing, Ltd. as a Responsible Third Party 1, ECF No. 36; Text Order (April 23, 2012).

On April 30, 2012, the parties filed a joint stipulation of dismissal of Defendants Prologis Texas I LLC, Prologis Texas II LLC, and Prologis NA2 Texas LLC.  Joint Stipulation of Dismissal of Defs. Prologis Texas I LLC, Prologis Texas II LLC, and Prologis NA2 Texas LLC, ECF No. 42; Order of Dismissal, ECF No. 46.  Consequently, PMI became the only remaining Defendant in this case.

---

[3]      A responsible third party is "one who could have been, but was not, sued by the claimant, and must be potentially liable to the plaintiff for the damages claimed against the named defendant(s)." *J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 201 (Tex. App. 2006).  A co-defendant's liability, if any, will be reduced by the percentage of the responsible third party's fault. *Id.*

Also on April 30, 2012, Plaintiff filed this Motion requesting leave to file an amended complaint. *See* Mot. Plaintiff filed the Motion after the deadline to join parties and amend pleadings set out in the Court's Scheduling Order. *See* Mot.; Scheduling Order 1. In the Motion, Plaintiff seeks leave to add three defendants: (1) Prologis, (2) Preservation Products, Inc., d/b/a Southern Roof Consultants ("Southern Roof"), and (3) Empire Roofing. *See* Mot. Ex. A ("Proposed Amended Complaint"), ECF No. 41-1.[4] The Proposed Amended Complaint also includes a new claim against Prologis for negligent hiring.[5] Proposed Am. Compl. 4.

PMI does not object to the addition of Prologis as a defendant. Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave to File Pl.'s Second Am. Compl. ("Response") 1, ECF No. 55. However, PMI objects to the addition of Southern Roof and Empire Roofing as defendants, as well as the addition of a claim for negligent hiring. Resp. 1-2.

## II.    DISCUSSION

### A.    Standard

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of the pleadings before trial. Fed. R. Civ. P. 15(a). Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the court's leave, and provides that leave should be "freely give[n] when justice so requires." *Id.* The Fifth Circuit has repeatedly held that Rule 15(a) embodies a liberal amendment policy. *See, e.g.*, *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420,

---

[4]    The Court notes that Plaintiff represents in his Motion that he only seeks to add two additional Defendants: Southern Roof and Empire Roofing. Mot. 1. However, Plaintiff's attached Proposed Amended Complaint lists Prologis, a new party, as a defendant, in addition to Empire Roofing and Southern Roof. *See* Proposed Am. Compl. In Plaintiff's reply in support of his Motion, Plaintiff appears to concede that he does wish to add Prologis as a defendant. Pl.'s Reply in Support of Pl.'s Mot. for Leave to File Second Am. Complaint (Doc. 41) ("Reply") 1 n.1, ECF No. 58.

[5]    Plaintiff again fails to mention this new claim in his Motion, representing only that "Plaintiff moves to file his Second Amended Complaint to add two additional Defendants." Mot. 1.

4

425 (5th Cir. 2004) ("Fed. R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend.");

*Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15(a) expresses a

strong presumption in favor of liberal pleading"); *Nance v. Gulf Oil Corp.*, 817 F.2d 1176, 1180

(5th Cir. 1987) ("Federal Rule 15(a) counsels a liberal amendment policy").   A court should not

deny a motion to amend, therefore, unless there is a substantial reason to do so, such as undue

delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the

opposing party.   *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375,

387 (5th Cir. 2003); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163

(5th Cir. 1982).

When a party seeks to file an amended pleading after the scheduling order deadline for

such amendments has passed, the party must first meet the more stringent requirements of

Federal Rule of Civil Procedure 16(b) before the Court can apply the liberal Rule 15 standard.

*S & W Enters., L.L.C. v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).   Rule

16(b) provides that a scheduling order "may be modified only for good cause and with the

judge's consent."   Fed. R. Civ. P. 16(b).   Courts in the Fifth Circuit determine good cause by

analyzing the following factors: (1) the explanation for the failure to timely move for leave to

amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the

amendment; and (4) the availability of a continuance to cure such prejudice.   *S & W Enters.*, 315

F.3d at 536 (*quoting Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th

Cir. 1997)).   Ultimately, a party must "give a persuasive reason why the dates originally set by

the scheduling order . . . could not reasonably be met despite the diligence of the party seeking

the extension."   *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (internal quotations omitted).

### B.     Analysis

As discussed, Plaintiff seeks to amend his Complaint in four ways.  *See* Mot.; Proposed
Am. Compl.  First, Plaintiff seeks to add Prologis as a party.  *See* Proposed Am. Compl.  Second,
Plaintiff seeks to add Empire Roofing as a party.  *See id.*; Mot. 1.  Third, Plaintiff seeks to add
Southern Roof as a party.  *See* Proposed Am. Compl.; Mot. 1.  Finally, Plaintiff seeks to add a
negligent hiring claim against Prologis.  *See* Proposed Am. Compl. 4.  As PMI does not oppose
Plaintiff's request to add Prologis as a party to the case, the Court grants Plaintiff's Motion with
respect to Prologis.  *See* Resp. 1.  The Court therefore turns to Plaintiff's request to add Empire
Roofing, Southern Roof, and a negligent hiring claim.

### 1.     Empire Roofing

PMI objects to Plaintiff's Motion to amend with respect to Empire Roofing on three
grounds.  Resp. 3-12; Sur-Reply 1-5.  First, PMI claims that joining Empire Roofing would
destroy the Court's jurisdiction and, therefore, the Court should deny Plaintiff's request to add
Empire Roofing for failing to meet the standards of § 1447(e).  Sur-Reply 1-3.  Second, PMI
claims that Plaintiff has not shown good cause for permitting amendment after the expiration of
the Court's Scheduling Order deadline.  Resp. 3-11; Sur-Reply 3-4.  Finally, PMI asserts that
Plaintiff's claims against Empire Roofing are futile, and thus do not meet the Rule 15 standard
for amendment.  Resp. 11-12; Sur-Reply 5.  Plaintiff counters that he has "exercised diligence in
discovery and in determining potential *liability* of . . . Empire Roofing."  Reply 3.

A court must have jurisdiction before determining the validity of a claim.  *Moran v.
Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).  Consequently, the Court first
addresses PMI's argument that adding Empire Roofing would destroy the Court's jurisdiction.

#### a.      Title 28 U.S.C. § 1447(e)

When a court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, as

is the case here, a party's request to amend a complaint in order to add a non-diverse defendant

implicates concerns beyond those in the usual Rule 15 motion because the addition of a non-

diverse defendant destroys a court's diversity jurisdiction.  *See Hensgens v. Deere & Co.*, 833

F.2d 1179, 1181-82 (5th Cir. 1987).  Thus, "[a] motion for leave to amend to add a nondiverse

party whose inclusion would destroy diversity and divest the court of jurisdiction is governed by

28 U.S.C. § 1447(e), not Rule 15(a)."  *Gallegos v. Safeco Ins. Co. of Ind.*,  No. H-09-2777, 2009

WL 4730570, at *2 (S.D. Tex. Dec. 7 2009) (quoting *Arthur v. Stern*, No. H-07-3742, 2008 WL

2620116, at *3 (S.D. Tex. June 26, 2008)); *see Hensgens*, 833 F.2d at 1182; *Whitworth v. TNT

Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996).

Title 28 U.S.C. § 1447(e) states that "[i]f after removal the plaintiff seeks to join

additional defendants whose joinder would destroy subject matter jurisdiction, the court may

deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).

Thus, § 1447(e) gives federal district courts discretion to permit or deny joinder of non-diverse

parties after removal.  *See* 28 U.S.C. § 1447(e); *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023,

1029 (5th Cir. 1991).  In such circumstances, courts must "scrutinize" an amendment that

destroys diversity jurisdiction "more closely than an ordinary amendment."  *Hensgens*, 833 F.2d

at 1182.

In deciding whether or not to permit joinder of a non-diverse defendant, courts are

confronted with two "competing interests": the policy to avoid parallel judicial proceedings, and

a defendant's interest in retaining the federal forum.  *See id*.  As stated above, courts balance

these interests by considering four factors: (1) whether the primary purpose of the amendment is to defeat diversity jurisdiction, (2) whether the plaintiff was diligent in requesting the amendment, (3) whether the plaintiff will be prejudiced if the amendment is denied, and (4) "any other factors bearing on the equities." *Id.* The Court considers each factor in turn.

### i.    Whether the primary purpose of Plaintiff's amendment is to defeat diversity jurisdiction

"When district courts in the Fifth Circuit analyze the first Hensgens factor, 'they consider whether the plaintiffs knew or should have known the identity of the nondiverse defendant when the state court complaint was filed.'" *Mia Reed & Co., Ltd. v. United Fire & Cas. Co.*, No. H-10-4440, 2012 WL 2499932, at *7 (S.D. Tex. June 27, 2012) (quoting *Gallegos*, 2009 WL 4730570, at *3); *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010); *Irigoyen v. State Farm Lloyds*, No. CA-C-03-324-H, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004); *Connoisseur Door, Inc. v. Haney Corp.*, No. SA-96-CA-146, 1996 WL 156557, at *2 (W.D. Tex. Apr. 1, 1996); *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 433, 435 (E.D. Tex. 1995)).  Here, it is undisputed that Plaintiff knew of Empire Roofing's identity and role as Plaintiff's employer at the time Plaintiff filed this suit in state court.  *See* Reply 3; Compl. 2 ("Plaintiff IVAN ANZURES was working in the course and scope of his employment with his employer Empire Roofing.").  Nevertheless, Plaintiff claims that although he was aware of Empire Roofing's identity, he was unaware of Empire Roofing's potential liability until April 6, 2012, when PMI motioned for leave to designate Empire Roofing as a responsible third party. Reply 4; *see* RTP Motion.

In *Lowe v. Singh*, the court found that the first *Hensgens* factor weighed in favor of amendment because although the plaintiff "surely knew [the proposed defendant's] identity as of

8

the time of the accident . . . discovery has raised facts supporting the claims raised."  No.

H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010).  Here, however, Plaintiff knew

of the facts allegedly supporting a claim against Empire Roofing well before discovery

commenced and before PMI sought leave to designate Empire Roofing as a responsible third

party.  Plaintiff claims that Empire Roofing's liability rests on the fact that Plaintiff was a

"'borrowed employee' . . . hired by Empire through G & A Partners [("G&A")], a staff leasing

firm."  Reply 3.  Plaintiff argues that this supports a claim against Empire Roofing because if

Plaintiff is a "borrowed employee," rather than a traditional employee, Empire Roofing may not

be immune to suit under the Texas Workers' Compensation Act.  *See id.*; *cf. W. Steel Co. v.*

*Altenburg*, 206 S.W.3d 121, 123 (Tex. 2006) (stating employers who subscribe to workers'

compensation insurance are immune from negligence suits by their employees).  Plaintiff appears

to imply that he did not have sufficient facts to state a claim against Empire Roofing prior to the

Scheduling Order deadline because he had previously thought Empire Roofing was immune from

suit. *See id.*

  However, it appears that Plaintiff has known of the facts supporting Empire Roofing's

alleged liability since the beginning of the litigation.  The record reveals that Plaintiff has

received workers' compensation benefits pursuant to an insurance policy held by G&A.  Resp.

Ex. D ("Insurance Policy") 1, ECF No. 55.  Plaintiff has known of this policy and its holder since

at least October 11, 2011, when a copy of the policy was faxed to Plaintiff's counsel.  *Id.*

(revealing that the insurance company faxed the policy naming G&A as the policy holder to

Plaintiff's counsel on October 11, 2011).  Further, the Court doubts that, prior to commencing

suit, Plaintiff was oblivious to the fact that he had received his position with Empire Roofing

through G&A.  Accordingly, Plaintiff appears to have known that he was a borrowed employee, and that G&A's insurance policy covered Empire Roofing since the beginning of the suit.  These are the same facts that Plaintiff now claims support Empire Roofing's liability.  Reply 3-4.

Additionally, Plaintiff's argument that he was unaware of Empire Roofing's potential liability until PMI motioned for leave to designate Empire Roofing as a responsible third party is unavailing.  Reply 4.  First, the fact that Empire Roofing has been designated as a responsible third party does not necessarily create liability.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(i) ("The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person . . . does not by itself impose liability on the person.").  Additionally, PMI motioned to add Empire Roofing as a responsible third party almost a full month before Plaintiff filed his Motion to amend.  *Compare* RTP Mot. (filed April 6, 2012), *with* Mot. (filed April 30, 2012).  Thus, the fact that Plaintiff waited until this late date to attempt to add Empire Roofing is suspicious, and appears to be purely for the purpose of defeating diversity jurisdiction.  *See O'Conner v. Auto. Ins. Co. of Hartford, Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994) ("The Court views this fact with much suspicion — since [the plaintiff] knew about [the potential defendant's] role, yet failed to sue that party in state court.").

Further, "[i]ntertwined with [the first *Hensgens*] inquiry is the viability of plaintiffs' claims against the proposed defendants."[6]  *Peters v. Am. S. Home Ins. Co.*, No. 06-0602, 2006 WL 2505362, at *2 (W.D. La. July 17, 2006); *Mia Reed*, 2012 WL 2499932, at *5.  Yet, even assuming that Plaintiff asserts colorable claims against Empire Roofing, the first factor still

---

[6]     The viability argument also bears on the third *Hengens* factor. *See Mia Reed & Co., Ltd. v. United Fire & Cas. Co.*, No. H-10-4440, 2012 WL 2499932, at *5 (S.D. Tex. June 27, 2002) ("The futility argument bears on the first *Hensgens* factor . . . and the third *Hensgens* factor."); *O'Conner v. Auto. Ins. Co. of Hartford, Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994) (briefly discussing the viability of the plaintiff's claim in its analysis of the third *Hensgens* factor).

weighs against amendment.  At least one court has found that a plaintiff attempted to add a non-diverse defendant primarily to defeat diversity jurisdiction, despite having asserted a valid claim. *Arthur*, 2008 WL 2620116, at *4-5.  In *Arthur*, the plaintiff had originally filed in state court and named a non-diverse party as a defendant.  *Id.* at *1.  The defendants removed the case, and the plaintiff moved to remand, but later withdrew his motion and conceded that the non-diverse party had been improperly sued.  *Id.* at *1-2.  The court found that this behavior indicated that the plaintiff's motive in adding a new, non-diverse party was for the purpose of defeating jurisdiction, which trumped the fact that she had asserted cognizable claims against the new defendant.  *Id.* at *4-5.

Like in *Arthur*, Plaintiff commenced this action in state court.  *See* Compl.  After Defendants removed the action, Plaintiff filed a motion to remand.  *See* Pl.'s Mot. to Remand. The Court denied this motion on January 31, 2012, because Plaintiff had joined a non-diverse defendant against which there was no reasonable possibility of recovery.  Remand Order 14. These facts are nearly identical to the facts on which the *Arthur* court based its conclusion regarding the first *Hensgens* factor.  *See Arthur*, 2008 WL 2620116, at *4-5.  Indeed, Plaintiff's motive is even more apparent than the plaintiff's motive in *Arthur* because Plaintiff knew about Empire Roofing throughout the case.  Plaintiff's clear desire to litigate this case in state court, coupled with the fact that Plaintiff has known of Empire Roofing's identity and role in this case since the beginning of the case, all would trump the fact that the Proposed Amended Complaint asserts cognizable claims against Empire Roof.  *See id.* at *1-2, *4-5.  The Court therefore finds that the first *Hensgens* factor weighs against joinder.

> **ii.  Whether Plaintiff was diligent in requesting amendment**

PMI argues that Plaintiff's request to amend a pleading to add a non-diverse party was not diligent "if the plaintiff knew of the facts that supported his claims against the non-diverse defendant at the time he filed in state court." Sur-Reply 2-3. Plaintiff, on the other hand, argues that even though he may have known that "Empire Roofing was Plaintiff's *employer*," Plaintiff waited to request leave to add Empire Roofing in order to "exercise[] diligence in discovery and in determining potential *liability* of . . . Empire Roofing." Reply 3.

In analyzing the second *Hensgens* factor, courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal. *Mia Reed*, 2012 WL 2499932, at *9 (citing *Gallegos*, 2009 WL 4730570, at *4; *Irigoyen*, 2004 WL 398556, at *4). "A delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory," especially when a plaintiff knew of the potential defendant's role in the dispute when he filed the case in state court. *See Irigoyen*, 2004 WL 398553, at *4 (citing *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001); *O'Connor*, 846 F. Supp. at 41). Courts also consider the procedural posture of the case, particularly whether "trial or pre-trial dates were scheduled," or any "significant activity beyond the pleading stage has occurred." *Arthur*, 2008 WL 2620116, at *5 (quoting *Herzog v. Johns Manville Prods. Corp.*, No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002)).

As discussed, Plaintiff knew of Empire Roofing's identity and potential liability for the entirety of this case. *See* Reply 3; Compl. 2. Plaintiff, however, did not seek to add Empire Roofing until eight months after he filed the case in state court, seven months after Defendants removed the case to this Court, and nearly two months after the Court's deadline to amend the

pleadings and join parties had expired.  *Compare* Compl. 1 (filed August 24, 2011), Notice of

Removal (filed September 28, 2011), *and* Scheduling Order (setting the deadline for the Plaintiff

to join parties and amend his pleading for March 9, 2012), *with* Mot. (filed April 30, 2012).

Accordingly, the Court finds that Plaintiff was not diligent in requesting amendment.  Therefore,

the second *Hensgens* factor weighs against granting leave to join Empire Roofing as a party.

> ### iii.   Whether Plaintiff will be prejudiced if the amendment is denied, and there are no other equitable factors

The parties appear to combine their arguments with respect to the third and fourth factors.

Reply 3-5; Sur-Reply 3.  The Court therefore discusses these factors together.

Plaintiff argues that he will be prejudiced if the Court denies his request to join Empire

Roofing because Plaintiff will be forced to pursue his claims against Empire Roofing in state

court.  Reply 5.  PMI counters that they have a "compelling interest in retaining the federal

forum" which the Court should weigh against Plaintiff's lack of diligence and the case's

advanced procedural posture.  Sur-Reply 3.

In determining prejudice to the plaintiff under the third *Hensgens* factor, courts consider

"whether a plaintiff can be afforded complete relief in the absence of the amendment."  *Lowe*,

2010 WL 3359525, at *3 (quoting *Jerido v. Am. Gen. life and Acc. Ins. Co*., 127 F. Supp. 2d

1322, 1325 (M.D. Ala. 2001).  Courts have found there to be no prejudice to the plaintiff when

the current defendant would be able to satisfy a future judgment.  *Irigoyen*, 2004 WL 398553, at

*5 (finding no prejudice against the plaintiff in denying joinder because "[t]here is no indication

that [the current defendant] will be unable to fully satisfy a future judgment."); *O'Connor*, 846 F.

Supp. at 41 ("[T]he Court finds O'Connor will not suffer any serious prejudice if the amendment

is denied.  There is absolutely nothing to indicate that [the current defendants] would be unable to satisfy a future judgment.").

Here, Plaintiff has not argued, nor is there any indication, that PMI would be unable to satisfy a judgment.  However, Empire Roofing, while not currently a party, has been designated as a responsible third party under Texas Civil Practice & Remedies Code § 33.004.  As such, PMI's liability, if any, will be reduced by the percentage of Empire Roofing's fault.  *J.M.K. 6*, 192 S.W.3d at 201.  Nevertheless, Plaintiff is pursuing his claims against Empire Roofing in state court, and therefore may still be able to obtain complete relief.  *See Connoisseur*, 1996 WL 156557, at *3 (holding there was no prejudice because there was "no reason plaintiff cannot pursue [the potential defendant] in state court if plaintiff truly believes [the potential defendant] is the source of the problem."); *see also* Reply 2 (stating Plaintiff has filed a state court case against Empire Roofing).  Accordingly, the Court finds that the third *Hensgens* factor weighs against granting amendment.

The Court discerns no other equities that favor either party's position.  Moreover, the parties have not asserted any other equitable factors.  Accordingly, the fourth *Hensgens* factor is neutral.  *See Lowe*, 2010 WL 3359525, at *3.

### v.      Weighing the factors

In sum, three *Hensgens* factors counsel against amendment, and one factor is neutral. The Court notes that the purpose of the *Hensgens* factors is to balance the "danger" of parallel judicial proceedings with a defendant's interest in retaining the federal forum.  *See Hensgens*, 833 F.2d at 1182.  In this case, it would be patently unfair to PMI to remand this case to state court at this stage in the proceedings.  *See* Scheduling Order 2; Trial Preparation Order 1, ECF

14

No. 10.  The Court cannot discern a reasonable explanation for why Plaintiff delayed in seeking to add Empire Roofing as a party, especially since Plaintiff knew about Empire Roofing's potential role in this case for the entirety of the litigation.  "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor."  *Whitworth*, 914 F. Supp at 1435 (citing *Hensgens*, 833 F.2d at 1182).  Here, any equitable concerns regarding avoidance of parallel judicial proceedings are not strong enough to warrant remand.  Consequently, the Court denies Plaintiff's Motion to amend his Complaint with respect to adding Empire Roofing as a defendant.

Because the Court denies leave to amend to join Empire Roofing, the Court turns to Plaintiff's other proposed amendments without analyzing whether Empire Roofing may be joined under Rule 15 or Rule 16.[7]

### 2.      Southern Roof

Plaintiff seeks to amend their pleadings to name Southern Roof as a party.  Mot. 1.   PMI argues that the Court should deny leave to amend because (1) Plaintiff has failed to show good cause under Rule 16 for amending the Court's Scheduling Order, and (2) the amendment is futile, and therefore Rule 15 does not permit amendment.  Resp. 2-4, 11-13; Sur-Reply 3-5.  The Court first turns to whether Plaintiff has satisfied the requirements of Rule 16.

### a.      Rule 16

---

[7]      Plaintiff also appears to claim that Tex. Civ. Prac. & Rem.Code Ann. § 33.004(e) gives Plaintiff the right to add Empire Roofing within sixty days of designation as a responsible third party.  Mot. 1; *see* Reply 4.  The Court does not address this argument, as the Court denies leave to amend to join Empire Roofing under § 1447(e).  However, even if the Court considered this argument, it would fail because the Texas legislature has repealed section 33.004(e).  Acts 2011, 82nd Leg., ch. 203 (H.B. 274), § 5.02; *see* Tex. Civ. Prac. & Rem.Code Ann. § 33.004(e) (stating § 33.004(e) has been repealed).

When a party files an untimely motion for leave to amend and does not provide an explanation containing good cause to amend, the Court can deny the motion for that reason alone. *Matias v. Taylors Int'l Servs., Inc.*, No. 09-3256, 2010 WL 3825402, at *3 (E.D. La. Sept. 24, 2010); *see Grimsley v. Methodist Richardson Med. Ctr. Found., Inc.*, No. 3:09-CV-2011-D, 2011 WL 825749, at *5 n.6 (N.D. Tex. Mar. 3, 2011); *Wachovia Bank, Nat'l Assoc. v. Schlegel*, No. 09-1322, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010).  Here, Plaintiff failed to mention the good cause standard of Rule 16 in his Motion.  *See* Mot.  Further, although PMI's brief in opposition contains a detailed and thorough argument as to why Plaintiff has failed to meet the Rule 16 standards, Plaintiff again fails to mention Rule 16 in his reply brief.  *See generally* Resp.; Reply.

Nevertheless, Plaintiff's Reply contains numerous arguments that attempt to explain his delay and assert good cause for amendment.  Reply 3-5.  Therefore, the Court discusses whether Plaintiff has met the Rule 16 standard.

As discussed above, courts evaluate the following factors to determine whether a party seeking amendment has shown good cause under Rule 16: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *S & W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co.*, 110 F.3d at 257).  The Court examines each factor in turn.

### i.    Plaintiff's explanation for failure to timely move for leave to amend is adequate

PMI argues that Plaintiff knew about Southern Roof's alleged role in this case two months before filing this case in state court, and therefore had ample time to investigate and

decide whether to add Southern Roof as a party.  Resp. 3-4.  PMI offers as evidence of Plaintiff's

knowledge a report Plaintiff received through the Freedom of Information Act from the

Occupational Safety and Health Administration ("OSHA").  Resp. Ex. A ("OSHA Report") 25-

26, ECF No. 51-2.[8]  It appears OSHA delivered the report to Plaintiff in June of 2011.  *See id.* at

23.  The OSHA Report contains an inspection report which PMI claims "reveals Southern Roof

previously inspected the roof of the Prologis Building where Plaintiff's injury occurred."  Resp.

3; OSHA Report 25-26.

       Plaintiff argues that he only became aware of Southern Roof on April 17, 2012, through

deposition testimony.  Reply 4.  Although Plaintiff acknowledges that he was in possession of the

OSHA Report, Plaintiff claims that "'Southern Roof Consultants' is buried in small typeface at

the bottom of the document," and therefore, the OSHA Report did not alert him to Southern

Roof's potential liability in this case.  *See* Reply 4.  Plaintiff also explains that he diligently

performed the necessary discovery to obtain such information.  Reply 4.

       At first glance, Plaintiff's explanation appears to be inadequate.  Not only is Southern

Roof's full name (Southern Roof Consultants), address, and phone number twice included in the

footer of the document, but Southern Roof is referred to by its initials in the substance of the

report.  OSHA Report 25-26 ("[D]ue to the puncture in the membrane *SRC* believes there are

leaks.") (emphasis added).  Nevertheless, in reviewing the document, it is true that Southern

Roof's name is printed in small type, and is therefore difficult to notice.  Further, even assuming

that the OSHA Report should have alerted Plaintiff to the fact that Southern Roof had once

inspected the roof, there is nothing in the OSHA Report that indicates that Southern Roof could

---

[8]      To assist the reader, the Court uses the CM/ECF generated page numbers when referencing this
         document.

potentially be liable to Plaintiff in this case.  Upon discovering through depositions that Southern

Roof could be potentially liable, Plaintiff diligently filed the instant motion to amend.  *See* Mot.

(filed on April 30, 2012); Reply 4 (stating Plaintiff discovered the extent of Southern Roof's role

through depositions that took place on April 17, 2012).

Additionally, Plaintiff appears to have been diligent in scheduling the deposition that

alerted him to Southern Roof's liability.  Plaintiff explains that "Plaintiff's counsel immediately

sent discovery and requested deposition dates upon filing suit in state court."  Reply 4.  However,

Defendant removed the case in late September of 2011, and substituted counsel in early

December, and Plaintiff therefore did not seek to schedule depositions until after the holiday

season "as a courtesy to new counsel."  *Id.*  "Depositions were then set in February that were

rescheduled to March at Defendant's counsel's request," and then rescheduled to April upon

Plaintiff's counsel's request.  *Id.*  Although Plaintiff's actions may have caused some delay in the

scheduling of depositions, it appears defense counsel also contributed to this delay.  In addition,

the docket reflects that during this time, Plaintiff's counsel was actively engaged in obtaining

discovery from opposing counsel.[9]  *See* Mot. to Compel Discovery, ECF No. 23; Mot. to Compel

Discovery, ECF No. 24; Mot. to Compel Discovery, ECF No. 25; Mot. to Compel Discovery,

ECF No. 26.

"The 'good cause' standard focuses on the diligence of the party seeking to modify the

scheduling order."  *See Grimsley*, 2011 WL 825749, at *5 (quoting *Cut-Heal Animal Care*

*Prods., Inc. v. Agri–Sales Assocs., Inc.*, No.  3:07-CV-1816-D, 2009 WL 305994, at *1 (N.D.

---

[9]      United States Magistrate Judge Robert F. Castañeda denied these motions for failure to comply
with Federal Rule of Civil Procedure 37(a)(1) and Local Court Rule CV-7(c).  Order, ECF No. 27.
Nonetheless, in his Order, Judge Castañeda stated that "[t]his ruling should not be construed as
expressing any opinion on the merits of the motions to compel."  Order 5.  Plaintiff did not refile
his motions to compel.

Tex. Feb. 9, 2009)).  Here, Plaintiff was diligent in seeking discovery, despite the fact that

Plaintiff failed to read the "small typeface" in the OSHA Report.  Accordingly, the Court finds

that Plaintiff has met the first prong of the Rule 16 standard.

### ii. Plaintiff does not adequately explain the importance of the amendment

Plaintiff makes no argument regarding the importance of joining Southern Roof.

Accordingly, the Court finds Plaintiff does not meet the second factor of the test.  *See Manley v.*

*Invesco*, No. H-11-2408, 2012 WL 2994402, at *3 (S.D. Tex. July 20, 2012); *King v. Life Sch.*,

No. 3:10-CV-42-BH, 2011 WL 5242464, at *2 (N.D. Tex. Nov. 3, 2011).

### iii. Defendant will not suffer prejudice because a continuance of the deadlines can cure such prejudice

Plaintiff does not make any argument with respect to the third or fourth Rule 16 factors.

PMI, on the other hand, argues that they will suffer prejudice if the Court grants the Motion.

Resp. 6-7.  Specifically, PMI claims that the addition of Southern Roof "will inevitably result in

the need for additional discovery, increased costs and attorney's fees, an unnecessary expenditure

of judicial resources, and an unnecessary delay of the lawsuit."  Resp. 6.  As support for this

assertion, PMI argues that it will be required to exchange discovery with Southern Roof, that

Southern Roof will likely seek an extension of the trial date, and that Southern Roof's addition

opens the door for Plaintiff to assert a negligent hiring claim against PMI.  Resp. 6-7 (citing

Proposed Am. Compl. 4).

The Court agrees with PMI that their litigation expenses would increase as a result of

granting the Motion.  Indeed, Plaintiff does not dispute this in his Reply.  *See* Reply.  However,

as discussed above, Plaintiff diligently moved to amend his Complaint to add Southern Roof

upon finding facts that suggest Southern Roof could potentially be liable.  "Balancing both

parties interests, this Court finds that [an extension of the Scheduling Order deadlines and] a

continuance of the trial is the appropriate resolution."  *C.R. Pittman Const. Co., Inc. v. Transcon.*

*Ins. Co.*, No. 07-4534, 2012 WL 2597560, at *2 (E.D. La. July 5, 2012) (weighing "[the

p]laintiffs' expeditious attempt to amend their Complaint" against the "prejudice the Defendant

in its trial preparation, discovery and/or motion practice" and finding a continuance of the trial

date was justified).  Accordingly, the Court finds that a continuance of the Scheduling Order

deadlines would cure any alleged prejudice to PMI.  The third and fourth factors therefore weigh

in favor of amendment.

### iv.     Summary

A party moving for amendment must show that "despite his diligence, he could not have

reasonably met the scheduling deadline."  *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3-96-

3363, 1998 WL 874825, at *1 (N.D. Tex.  Dec.  7, 1998).  Although Plaintiff may not have

proceeded perfectly in this case, Plaintiff has satisfied his burden under Rule 16.  Consequently,

the Court turns to PMI's argument that Southern Roof may not be joined under Rule 15.

### b.     Rule 15

PMI argues that the Court should not grant Plaintiff's motion to amend with respect to

Southern Roof because Plaintiff's claims against Southern Roof are futile.  Resp. 12.

Specifically, PMI claims that Southern Roof did not owe Plaintiff a duty of care, and therefore

Plaintiff's negligence and premises liability claims against Southern Roof fail as a matter of law.

Resp. 12-13.  Plaintiff does not address this argument.

As discussed, Federal Rule of Civil Procedure 15(a) directs courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This language "evinces a bias in favor of granting leave to amend."  *Chitimacha*, 690 F.2d at 1163.  "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."  *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

PMI's futility argument does not persuade the Court to deny leave to amend.  It is true that the existence of a duty of care is a necessary component of Plaintiff's negligence and premises liability claims.  *See, e.g.*, *Strunk v. Belt Line Rd. Realty Co.*, 225 S.W.3d 91, 98 (Tex. App. 2005) ("As with any cause of action based on negligence, the threshold question in a premises liability case is the existence and violation of a duty.").  Moreover, "[w]hether a legal duty exists under a given set of facts and circumstances is a question of law for the court."  *Wyatt v. Kroger Co.*, 891 S.W.2d 749, 751 (Tex. App. 1994) (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *Producers Grain Corp. v. Lindsay*, 603 S.W.2d 326, 329 (Tex. App. 1980)).  As PMI explains, however, whether or not Southern Roof had a duty to Plaintiff turns on whether Southern Roof had "control over and responsibility for the premises" that "relate[s] to the condition or activity that caused the injury."  Resp. 12-13 (quoting *Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 592 (Tex. App. 2008) and citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 528 (Tex. 1997)).  The question of whether a property owner had such control is "generally a question of fact for the jury."  *See*

*Sinegal v. Ryan Marine Servs.*, 712 F. Supp. 2d 597, 605 (S.D. Tex. 2008) (quoting *Lee Lewis*

*Const., Inc. v. Harrison*, 70 S.W.3d 778, 783 (Tex. 2001)); Proposed Am. Compl. 2-3.

Here, Plaintiff alleges that Southern Roof is one of the entities that "owned, maintained

and operated" the premises.  Proposed Am. Compl. 2.  Further, Plaintiff alleges Southern Roof

"owed a duty to Plaintiff" and that Southern Roof had "control of the premises."  *Id.* at 3.

Because Plaintiff has alleged that Southern Roof had a duty of care and control over the

premises, and because Southern Roof's control of the premises is a question of fact, the Court

does not find that Plaintiff's claim is futile under the Rule 15 standard.  *See Stripling v. Jordan*

*Prods. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (applying Rule 12(b)(6) standard to decide futility

of amendment and taking facts alleged in proposed amendments as true);[10] *see also Benton v.*

*Brookfield Props. Corp.*, 02 CIV. 6862 (JFK), 2004 WL 1335908, at *6 (S.D.N.Y. June 14,

2004) ("Whether the section applies depends in part on a question of fact . . . . Thus, allowing

Plaintiffs to amend would not necessarily be futile.").

As for the other factors that would warrant denial of leave to amend, there is no evidence

that Plaintiff acted in bad faith.  *See United States ex rel. Steury*, 625 F.3d at 270.  Additionally,

as the Court discussed,  although leave to amend may cause prejudice to PMI, this prejudice can

---

[10]     In *Stripling v. Jordan Products Company*, the Fifth Circuit held that the 12(b)(6) standard applied
to determine the futility of an amendment.  234 F.3d 863, 872-73 (5th Cir. 2000).  At the time the
Fifth Circuit decided *Stripling*, the Rule 8 pleading standard, (which informs whether a plaintiff
has pleaded a claim for relief under Rule 12(b)(6)), required only a "'a short and plain statement of
the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds
upon which it rests."  *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P.
8(a)(2)).  Since *Stripling*, two United States Supreme Court cases have established that Rule 8
requires more than notice pleading; instead, a plaintiff must assert a "plausible" claim for relief.
*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
555-557 (2007).  Consequently, it is unclear if the new, heightened pleading standard applies to
determine the futility of amendments, or whether courts should apply the notice pleading standard
as it was when the Fifth Circuit decided *Stripling*.  Regardless, *Stripling* counsels the Court to
apply the Rule 12(b)(6) standard insofar as this standard requires the Court to take all pleaded facts
as true.

be cured by a continuance of the deadlines.  While this may delay the proceedings, this delay is

not an "undue" delay.  *See id.*  Finally, Plaintiff has not repeatedly failed to cure deficiencies in

his pleadings.  *See id.*  Accordingly, the Court finds Plaintiff's leave to amend his Complaint

with respect to adding Southern Roof as a party is not futile.

**c.** **Summary**

The Court finds that Plaintiff has shown good cause under Rule 16, and that amendment

with respect to Southern Roof would not be futile.  Accordingly, the Court grants Plaintiff's

motion with respect to adding Southern Roof as a party.

**3.** **Negligent Hiring Claim**

Although not mentioned in the Motion, it is clear from Plaintiff's Proposed Amended

Complaint that he seeks leave to amend his pleadings to add a negligent hiring claim against

Prologis for retaining Southern Roof and Empire Roofing.  Proposed Am. Compl. 4; *see* Reply 1.

The Court first addresses whether amendment is proper under Rule 16.

**a.** **Rule 16**

Plaintiff does not provide a specific explanation for failing to add his proposed negligent

hiring claim with respect to hiring Southern Roof earlier in the litigation; however, any

explanation would necessarily be intertwined with Plaintiff's explanation for failing to timely

move to amend to join Southern Roof.  Plaintiff asserts that he did not timely move for leave to

join Southern Roof because he did not know of Southern Roof until April 17, 2012.  Reply 4.

Logically, Plaintiff could not have requested leave to amend to add a claim alleging that PMI

negligently hired Southern Roof without knowing about Southern Roof's existence.  *See id.*  As

Plaintiff's explanation for failing to timely bring a negligent hiring claim would be the same as

23

his explanation for failing to timely move to amend to join Southern Roof, the Court holds that this factor weighs in favor of granting the Motion to amend for the same reasons as discussed with regard to joining Southern Roof.[11]

Additionally, Plaintiff makes no argument regarding the importance of adding a negligent hiring claim.  Accordingly, Plaintiff does not meet the second factor of the test.  *King*, 2011 WL 5242464, at *2; *Manley*, 2012 WL 2994402, at *3.

Finally, Plaintiff does not make any argument regarding the potential prejudice of amendment.  PMI, however, asserts that it would be prejudicial to add a new claim against them so late in the litigation.  Resp. 7 ("PMI will . . . require additional discovery related to this new factual issue in order to properly prepare a defense prior to trial.").

However, Plaintiff's proposed negligent hiring claim is not against PMI; instead, Plaintiff asserts that Prologis negligently hired Southern Roof.   Proposed Am. Compl. 4.  Nevertheless, the addition of another claim would likely lead to increased litigation expenses, an outcome that Plaintiff does not dispute in his Reply.  For the same reasons as stated above, a continuance of the Scheduling Order deadlines would cure such prejudice.  *See C.R. Pittman*, 2012 WL 2597560, at *2.  Consequently, the Court finds the third and fourth Rule 16 factors weigh in favor of amendment.

Plaintiff has satisfied his burden under Rule 16.  Consequently, the Court turns to whether amendment is permissible under Rule 15.

### b.      Rule 15

---

[11]      The Court notes that Plaintiff provides no information as to why he previously failed to add a negligent hiring claim against PMI with respect to the hiring of Empire Roofing.   Further, unlike Plaintiff's more recent discovery of Southern Roof's potential liability, Plaintiff knew of Empire Roofing's role in this case for the entirety of the litigation.  Nevertheless, the Court finds that Plaintiff has met the first prong of the Rule 16 standard.

Plaintiff does not address Rule 15 with respect to adding a negligent hiring claim.  PMI also makes no separate argument regarding whether the Court should grant leave to amend the Complaint to add a negligent hiring claim.  Rather, PMI's argument seems intertwined with PMI's futility argument concerning leave to amend to add Southern Roof as a party.  Consequently, the Court grants Plaintiff leave to amend under Rule 15 for the same reasons as stated above with respect to adding Southern Roof as a party.

## III.   CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion with respect to adding Empire Roofing.  The Court **GRANTS** Plaintiff's Motion with respect to adding Defendants Southern Roof and Prologis, as well as a negligent hiring claim against Prologis.

**IT IS FURTHER ORDERED** that in light of the Court's ruling on the Motion, the Court **DENIES** the Motion for Summary Judgment as moot.

**IT IS FURTHER ORDERED** that Plaintiff serve Defendants Southern Roof and Prologis on or before August 20, 2012.  The Court will issue an amended Scheduling Order and Trial Preparation Order separately.

**SO ORDERED**.
.
**SIGNED** on this 10th day of August, 2012.


_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE